IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

G. MITCHELL DAVIS,

      Plaintiff,

vs.                             Case No. 8:12-cv-60-T-30MAP

TAMPA BAY ARENA, L.T.D.,
d/b/a ST. PETE TIMES FORUM,

      Defendant.

_____/

### DEFENDANT TAMPA BAY ARENA, L.T.D.'S MOTION TO DISMISS AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Rule 12, Federal Rules of Civil Procedure, defendant Tampa Bay Arena, L.T.D. ("TBA") moves this Court for an order dismissing the Amended Complaint filed by plaintiff G. Mitchell Davis. The Amended Complaint purports to assert claims for Copyright Infringement (Count I), Breach of Bailment (Count II), Conversion (Count III), Replevin (Count IV), Breach of Contract (Count V), and Permanent Injunction (Count VI). The Court should dismiss the Complaint in its entirety because Davis has failed to state a cause of action in any of the six counts.

### MOTION TO DISMISS

Davis purports to assert wide-ranging and poorly defined statutory, common law, and equitable claims arising out of conduct stretching over the last fifteen years. Davis has failed to state a cause of action in any of the counts of the Amended Complaint. Indeed, Davis has

failed to allege the most basic elements of each of his claims. As a result, TBA respectfully requests that the Court dismiss the Amended Complaint.

Davis has failed to state a cause of action for copyright infringement. Copyright registration is a mandatory precondition to suit for copyright infringement. Davis admits in the Amended Complaint that he possesses copyright registrations for only 40 photographs. Count I must be dismissed as to the remaining 215 photographs. Similarly, the Court must dismiss (or, in the alternative, strike) Davis's demand for statutory damages and attorneys' fees under the Copyright Act because the exhibits to the Amended Complaint establish that the infringement Davis alleges occurred prior to the effective date of registration of the 40 registered photographs. Count I should also be dismissed in its entirety because Davis does not own the exclusive rights necessary to permit his prosecution of a copyright infringement action, and because Davis has not alleged any acts of infringement.

Davis has likewise failed to state a cause of action for breach of bailment. Davis has not alleged the existence of a bailment contract with TBA, including facts establishing TBA's acceptance of the bailment obligations. Further, Davis has failed to allege the material terms of the bailment agreement, including its duration, conditions, and consideration. Finally, to the extent Davis relies on an oral bailment contract, his claim is barred by the Florida statute of frauds.

Davis has also failed to state a cause of action for conversion. Davis does not identify the converted property, does not allege that TBA had possession of that property at the time he demanded its return, and does not allege any facts suggesting that TBA is wrongfully exercising dominion over the property. Similarly, Davis has failed to state a cause of action

for replevin. Again, he does not identify the property with the requisite degree of specificity. Moreover, he does not, in Count IV, allege a demand for return of that property

The Court should dismiss Davis's breach of contract claim for failure to state a cause of action. Davis does not allege either the contract or provision that has been breached. Moreover, Davis's breach of contract claim is preempted by the Copyright Act. Finally, the Court should dismiss Count VI for permanent injunction. A permanent injunction is a remedy, not a cause of action. A claim for permanent injunction cannot exist independent of an underlying substantive claim.

## MEMORANDUM OF LAW

### Background

Davis alleges that he is a professional photographer who has performed photographic services since 1996 at the downtown Tampa entertainment facility previously known as the Ice Palace and St. Pete Times Forum, and now known as the Tampa Bay Times Forum. (Amended Complaint (Dkt. 12-1), ¶ 11). Davis attaches to the Amended Complaint a purported written agreement from 1998 (described by Davis as Contract #1) between Davis and "The Ice Palace Arena." (Dkt. 12-2). Under the terms of Contract #1, Davis was to receive $150.00 for his services in connection with each four-hour event he attended. (*Id.*). If an event ran longer than four hours, Davis was to be paid an additional $20.00 per hour. (*Id.*). Davis was also to be paid for the costs of the film used and for all processing of the photographs. (*Id.*). Davis purported to retain the copyright interests in the photographic images he produced. (*Id.*). Davis, however, granted to the Ice Palace the right to reproduce those photographic images in newsletters, advertising, print displays, broadcasts, and on its

web site. Contract #1 prohibited Davis from offering any of the photographic images for sale absent permission of Ice Palace. Davis was permitted to use the photographs only as samples of his work. (*Id.*).

Davis alleges that from 1996 until January 2000, he used film photography only. (Dkt. 12-1, ¶ 14). According to Davis, he used both film and digital media from January 2000 until March 24, 2003. (*Id.*, ¶ 15). Davis alleges that he took all digital photographs from March 24, 2003 until June 16, 2011, the date Davis alleges he was terminated. (*Id.*, ¶ 18). Davis contends that he transferred possession of the original slides of the film-based photographic images to TBA to hold on his behalf. (*Id.*, ¶ 17). Davis does not allege how many slides were transferred, when the transfer occurred, or the terms under which the transferee was to hold the slides.

Davis alleges that in August 2008, he entered into a successor contract, which he describes as "Contract #2." (Dkt. 12-1, ¶ 19). The terms of Contract #2 are for the most part identical to the terms of Contract #1 except that the fees charged by Davis increased dramatically.[1] (*Id.*). Davis was to be paid $350.00 for each four-hour event, and an additional $130.00 per hour for events lasting longer than four hours. (*Id.*).

Davis alleges that at some time, "FORUM" acquired a page on Facebook and began posting photographic images taken by Davis. (Dkt. 12-1, ¶ 21). According to Davis, in January 2011, Facebook added a feature that permits visitors to download images from Facebook pages to the visitors' own computers. (Dkt. 12-1, ¶ 23). After the addition of this

---

[1] The only difference appears to be that Contract #1 required the Ice Palace to contact performers at the facility and "inform them regarding the photographic services of" Davis. (Dkt. 12-2). There is no similar provision in Contract #2.

feature, Davis purportedly complained about the posting of the photographic images on "FORUM'S" Facebook page. (Dkt. 12-1, ¶¶ 24-25). Davis alleges that "FORUM" posted on its Facebook page 255 photographic images taken by him. (Dkt. 12-1, ¶ 29). According to Davis, he possesses federal copyright registration certificates for 40 of those photographs. (Dkt. 12-1, ¶ 30). Davis, however, has attached to the Amended Complaint only 24 registration certificates. (Dkt. 12-6, 12-7). Several of those certificates reflect the group registration of multiple photographs. (Dkt. 12-6, 12-7).

Davis further alleges that the Facebook posting has caused him to violate restrictive use agreements between Davis and the performers whose photographs he took during performances at the facility. (Dkt. 12-1, ¶ 26). Davis attached to the Amended Complaint a sample restricted use agreement between Davis and the publicity agent for performers George Strait, Reba McEntire, and Lee Ann Womack regarding photographs taken on January 29, 2011. (Dkt. 12-4). The 40 registered photographs do not include photographs from this show. (Dkt. 12-6, 12-7). The agreement prohibits Davis from using, selling, or distributing for any purpose photographs he took of the performers. (*Id.*). Davis may not show the photographs as samples of his work or use them for self-promotion. (*Id.*). The agreement prohibits Davis from publishing the photographs in any manner. (*Id.*). The remaining restrictive use agreements attached by Davis are unexecuted forms. (Dkt. 12-18).

Finally, Davis also alleges that the "FORUM" has displayed advertising banners on and near the building that include photographic images taken by him. (Dkt. 12-1, ¶ 33). According to Davis, this use of his photographs is unauthorized. (Dkt. 12-1, ¶¶ 34, 46).

Davis also alleges that "FORUM" has displayed his photographs in banners adjacent to logos or names of corporate sponsors of events at the arena. (Dkt. 12-1, ¶¶ 37-40).

Davis alleges that, on March 9, 2011, "FORUM" presented him with a proposed Photographer Services Agreement. (Dkt. 12-1 ¶ 49). According to Davis, he refused to sign the proposed agreement and was advised by "FORUM" that it would no longer use his services. (Dkt. 12-1, ¶¶ 52, 54). Davis filed his original complaint in the Hillsborough County Circuit Court. TBA removed the case to this Court and filed a motion to dismiss the complaint. Davis consented to removal and sought leave to amend the complaint. The Amended Complaint fails to state a cause of action and must be dismissed in its entirety.

## Legal Analysis

## Copyright Infringement

In Count I, Davis purports to assert a cause of action for copyright infringement pursuant to the federal Copyright Act, 17 U.S.C. Section 101, *et seq.* According to Davis, TBA infringed his copyright interests in 255 photographs by posting those photographs on the Facebook page for the Tampa Bay Times Forum. (Dkt. 12-1, ¶ 61). Davis admits that he has secured a federal copyright registration for only 40 of the 255 photographs that form the basis of his infringement claim. (Dkt. 12-1, ¶ 30). Davis seeks an award of actual damages, and an alternative award of statutory damages and attorneys' fees pursuant to 17 U.S.C. Sections 504(b) and (c) and 505.

### The Court Must Dismiss Count I Because Davis Does Not Own the Exclusive Rights Necessary to a Claim for Copyright Infringement.

Davis cannot maintain an action for copyright infringement relating to any of the photographs described in the Amended Complaint because Davis does not possess the

exclusive rights allegedly infringed. Davis does not possess any of the rights in the photographs that are protected by the Copyright Act. Davis either contracted away those rights, or was never entitled to the rights in the first place. Davis cannot maintain an action to enforce rights he does not have. As a result, the Court must dismiss Count I in its entirety.

Title 17 U.S.C. Section 106 sets forth the exhaustive list of exclusive rights afforded an owner of a copyright by the Copyright Act. *See* 17 U.S.C. § 106; *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 886-87 (9th Cir. 2005). The five enumerated rights in Section 106 include the rights to (1) reproduce the work; (2) prepare derivative works; (3) distribute copies of the work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) to perform the work publicly (which is inapplicable to photographs); and (5) to display the work publicly. *See* 17 U.S.C. § 106. These rights are divisible and transferable. *See* 17 U.S.C. § 201(d). Only the legal or beneficial owner of one of these exclusive rights in a copyright is entitled to institute an action for infringement of that right. *See* 17 U.S.C. § 501(b); *Home Design Services, Inc. v. Hibiscus Homes of Florida, Inc.*, 2005 WL 3445522, *12 (M.D. Fla. 2005); *Silvers*, 402 F.3d at 887 (stating that "only owners of an exclusive right in a copyright may sue"). Because Davis does not own any of the exclusive rights in the photographs protected by the Copyright Act, he cannot maintain a claim for infringement of those rights. As a result, the Court must dismiss Count I.

Davis alleges that TBA infringed his purported copyrights in photographs he took of celebrities performing at the Tampa Bay Times Forum by posting the photographs on the Forum's Facebook page. Davis, however, never became the legal or beneficial owner of any of the exclusive rights in those photographs that are protected under the Copyright Act.

Section 540.08, Florida Statutes, prohibits Davis from publishing, printing, displaying or otherwise publicly using the photographs for purposes of trade or for any commercial or advertising purpose unless Davis can demonstrate that he has obtained a release or waiver from the artists he photographed. Section 540.08 expressly denies to Davis the rights he claims under the Copyright Act. Davis cannot use the Copyright Act to expand his rights in the images and invade an artist's right to publicity or privacy. *See Bi-Rite Enterp., Inc. v. Button Master*, 555 F. Supp. 1188, 1201 (S.D.N.Y. 1983) ("intangible proprietary interest protected by the right of publicity ... falls outside of the preemption standards established by Congress in the copyright law.") (internal citations and quotations omitted).

Pursuant to Section 540.08, Davis is prohibited from publishing, printing, displaying or publicly using the photographs described in the Amended Complaint absent a release or waiver from the artists. Davis does not allege that he secured the necessary releases or waivers with respect to the 255 photographs that form the basis of his infringement claim. Absent allegations that he obtained a written release and waiver for each of the photographs, Section 540.08 establishes as a matter of law that Davis is not the legal or beneficial owner of any of the rights in the photographs that are protected under the Copyright Act. As a result, Davis cannot maintain an action for infringement of those rights under the Act.

Davis has attached to the Amended Complaint only one executed agreement with a group of performing artists authorizing him to take photographs during a concert. (Dkt. 12-4). That agreement, however, does not relate to any of the 255 photographs described in Davis's copyright infringement count. Moreover, that agreement, like Section 540.08, prohibits Davis from using, selling, distributing, or publishing any photograph taken for any

8

purpose without first obtaining the permission of the artist. (Dkt. 12-4). Thus, the agreement expressly precludes Davis from obtaining any of the rights in the photographs that would otherwise be protected by the Copyright Act. As a result, Davis cannot maintain a claim for infringement of those rights. *See* 17 U.S.C. § 501(b).

Even if Davis had acquired any of the exclusive rights in the photographs that are protectable under the Copyright Act, Davis subsequently divested himself of the very rights he claims TBA has infringed. The two contracts for Davis's photographic services attached to the Amended Complaint provide TBA with reproduction and use rights in the photographs and prohibit Davis from selling any of the photographs without first obtaining permission from TBA. (Dkt. 12-2, 12-3). By contract, Davis divested himself of the exclusive rights he now seeks to enforce in the infringement action. As a result, the Court should dismiss Davis's claim for copyright infringement against TBA.

The Court Must Dismiss Count I Because Davis
Does Not Allege Any Acts of Copyright Infringement.

The Court should also dismiss Count I because Davis has failed to allege any acts of copyright infringement by TBA. Davis contends that TBA infringed his purported copyrights in the photographs by posting the photographs on the Forum's Facebook page. Davis's own exhibits to the Amended Complaint establish that TBA's use of the photographs is permitted and does not infringe Davis's copyright interests, if, indeed, he has any.

Davis's contracts for photographic services attached to the Amended Complaint permit TBA to reproduce the photographs "for use in a newsletter, advertising, display prints, broadcast and the venue website." (Dkt. 12-2, 12-3). Accordingly, TBA's posting of the photographs on the Forum's Facebook page is permitted by the terms of the agreements with

Davis.[2] (*Id.*). When the exhibits to a complaint contradict the conclusory allegations of the pleading, the exhibits control. *See, e.g., Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009); *Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2007); *Simmons v. Peavy–Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir.1940); *Miffin v. Bradshaw*, 2009 WL 1953534, *8 (M.D. Fla. 2009); *Morris v. City of Orlando*, 2010 WL 4646704, *10 n. 3 (M.D. Fla. 2010). Notwithstanding Davis's contradictory allegations in the body of the Amended Complaint, the contracts attached as exhibits to the Amended Complaint control and establish TBA's right to reproduce the photographs for use in advertisements, newsletters, displays, the Forum's website, and broadcasts. As a result, TBA's posting of the photographs on the Forum's Facebook page is permitted under the contracts and does not infringe Davis's copyrights. The Court should dismiss Count I in its entirety.

The Court Must Dismiss Count I, in Part, for Failure to Satisfy Preconditions to Suit.

The Court must dismiss Davis's claim for copyright infringement with respect to the 215 photographs for which Davis has failed to secure a federal registration. Registration of a copyright is a mandatory precondition to suit for copyright infringement. 17 U.S.C. § 411 (a); *Marc Anthony Builders, Inc. v. Javic Properties, LLC*, 2011 WL 2709882, *2 (M.D. Fla. 2011) ("Because the Copyright Act expressly prohibits bringing an infringement action without first obtaining registration, it is a mandatory precondition, and this action must be dismissed if it is not met.") Any action brought for infringement of an unregistered copyright

---

[2] Davis includes numerous allegations in the Amended Complaint regarding TBA's use of his photographs on advertising banners hung on and around the Tampa Bay Times Forum building. Davis does not, however, allege that those uses infringe his copyright -- and with good reason. The contracts for Davis's photographic services attached as exhibits to the Amended Complaint permit those uses of the photographs. (Dkt. 12-2, 12-3).

must be dismissed. *See Marc Anthony*, 2011 WL 2709882, *2. In the Eleventh Circuit, a plaintiff must have obtained a registration certificate before filing the lawsuit. *Id.* at *3; *see also MGB Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488-89 (11th Cir. 1990). Davis admits that he has a registration certificate for only 40 of the 255 photographs that form the basis of his infringement claim. Because Davis has failed to meet the mandatory precondition to suit with respect to the 215 unregistered photographs, the Court should dismiss Count I as to those photographs.

With respect to the 40 registered photographs, the Court should dismiss or, in the alternative, strike the portion of Count I in which Davis seeks an award of statutory damages and attorneys' fees under the Copyright Act. Davis's allegations reveal that he has failed to satisfy the conditions for recovery of statutory damages and attorneys' fees.

Pursuant to 17 U.S.C. Section 412, no award of statutory damages or attorneys' fees may be made for infringement of an unpublished work[3] that is commenced before the date of registration. The Eleventh Circuit has explained that a plaintiff may not recover statutory damages and attorneys' fees under the Copyright Act when the work at issue was not registered at the time the purported infringement occurred.[4] *See M.G.B. Homes, Inc. v.*

---

[3] The photographs described in Count I are unpublished works. Davis relies on the date of the Facebook posting as the date of publication for each photograph. (Dkt. 12-6, 12-7). An alleged infringer's unauthorized use of a work, however, does not constitute publication for purposes of the statute. *See Cipes v. Mikasa, Inc.*, 346 F. Supp. 2d 371, 374-75 (D. Mass. 2004); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003). Moreover, under Section 540.08, Florida Statutes, Davis is precluded from publishing the photographs absent written authorization from the performers. Davis has not alleged publication of any photograph based on a written authorization.

[4] An award of statutory damages and attorneys' fees is precluded in connection with a series of ongoing, separate infringements of a single work so long as one of those infringements occurred prior to registration. *See Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143 (5th

*Ameron Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir. 1990).  Davis alleges that the

infringement of his copyright in each photograph occurred when the photograph was posted

on the Facebook page.  The screen shots of the posted photographs are attached to the

Amended Complaint and reveal the posting date for each photograph.  The copyright

registration certificates are also attached to the Amended Complaint and reflect the effective

date of each registration.  A comparison of those exhibits reveals that the posting date of each

photograph predates the effective date of the copyright registration for that photograph.

Thus, Davis cannot recover statutory damages or attorneys' fees in connection with his claim

for infringement of the 40 registered copyrights.

 The screen shots of all of the photographs from the Disney on Ice show reflect a

Facebook posting date of May 24, 2011.  (Dkt. 12-9).  The registration certificates for those

same photographs reflect an effective date of registration of August 10, 2011.  (Dkt. 12-6).

The screen shots of the photographs from the WWE Extreme Rules show reflect a Facebook

posting date of May 24, 2011.  (Dkt. 12-10).  The registration certificates for those same

shows reflect an effective date of registration of August 10, 2011.  (Dkt. 12-6, 12-7).  The

screen shots of Matthew West's post-game concert reflect a Facebook posting date of April

25, 2011.  (Dkt. 12-11; 12-12).  The registration certificates for those photographs reflect an

effective registration date of July 19, 2011.  (Dkt. 12-7).  The screen shots of the Professional

Bull Riders ("PBR") event reflect a Facebook posting date of April 25, 2011.  (Dkt. 12-13).

The registration certificates for those photographs reflect an effective date of registration of

July 22, 2011.  (Dkt. 12-7).  Finally, the screen shots of the 98 Rockfest event reflect a

---

Cir. 1992); *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, 2010 WL 4627721, *4-5
(M.D. Fla. 2010).

Facebook posting date of April 25, 2011.  (Dkt. 12-11).  The registration certificates for those

photographs reflect an effective registration date of July 22, 2011.  (Dkt. 12-7).  Because the

infringements about which Davis complains all occurred before the effective date of the

registration of each work, Davis is not entitled to recover statutory damages or attorneys'

fees.  Thus, the Court should dismiss, or alternatively strike, Davis's demands for statutory

damages and attorneys' fees.

### Breach of Bailment

This Court should dismiss Count II for failure to state a claim for breach of bailment.

Davis has failed to allege the most basic elements of the cause of action.

To state a claim for breach of bailment, Davis must allege delivery of personal

property by one person to another to be used for a specific purpose, acceptance of that

delivery, and an express or implied contract that the purpose will be carried out and that the

property will then be returned or dealt with as otherwise directed.  *Monroe Sys. for Bus. Inc.*

*v. Intertrans Corp.*, 650 So. 2d 72, 75-76 (Fla. 3d DCA 1994) (quoting *Dunham v. State*, 192

So. 324, 326 (1939), *rev. denied*, 659 So. 2d 1087 (Fla. 1995).  Because a bailment is a

consensual transaction, the existence of a bailment contract requires acceptance of the

bailment by the bailee.  *See Rudisill v. Taxicabs of Tampa, Inc.*, 147 So. 2d 180, 183-84 (Fla.

2d DCA 1962); *Sirpal v. Univ. of Miami*, 684 F. Supp. 2d 1349, 1364 (S.D. Fla. 2010).

There must be an actual agreement between the parties for the bailment.  *In re Matter of*

*Intern'l Gold Buillon Exchange, Inc.*, 60 B.R. 261, 263 (Bankr. S.D. Fla. 1986) (applying

Florida law).  Davis has failed to allege the existence of a bailment contract with TBA,

including particularly TBA's acceptance of the bailment.

Davis has likewise failed to allege the material terms of the bailment agreement. *See St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004) (stating a basic requirement of contract law is specification of material terms). Davis has not alleged the term of the bailment, the conditions of the bailment, and the consideration for the bailment. In light of the absence of allegations of these material terms, Davis's claim for breach of bailment must be dismissed. Further, if Davis relies on an oral contract for bailment, his claim is barred by the statute of frauds. Davis alleges the existence of a bailment contract that spanned more than 15 years. Because that contract could not have been performed within one year, any claim by Davis for breach of an oral bailment agreement is barred by the statute of frauds. *See Hospital Corp. of America v. Associates in Adolescent Psychiatry, S.C.*, 605 So. 2d 556, 557 (Fla. 4th DCA 1992) (statute of frauds barred enforcement of hospital's oral agreement to operate psychiatric facility for 15 years, even if agreement could have been terminated within one year; court observed that "[a]n oral contract with a length of fifteen (15) years falls squarely within the bar of section 725.01.").

Equally troubling, Davis has not alleged any facts sufficient to identify the bailed property. *See Rosner v. U.S.*, 231 F.Supp.2d 1202, 1217 (S.D.Fla. 2002) ("a threshold fact for a bailment claim is the identification of the specific property that is the subject of the bailment."). Davis does not allege the number of photographs subject to the purported bailment contract, nor does he describe those photographs so that they are in any way identifiable. Indeed, Davis's description of the bailed property is purely speculative. Davis alleges only that during the pertinent time period he used 922 rolls of film with 36 exposures per roll. He further alleges that he averaged 25 usable images for each 36 exposure roll of

film. Accordingly, Davis speculates that the bailed property consists of 23,050 slides of unidentified subject matter. Davis's allegations are woefully insufficient to state a cause of action for breach of bailment. The Court should dismiss Count II.

### Conversion

The Court should dismiss Count III for failure to state a cause of action. Under Florida law, conversion is "an act of dominion wrongfully asserted over another's property inconsistent with his ownership...." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011) (quoting *Warshall v. Price*, 629 So. 2d 903, 904 (Fla. 4th DCA 1993)). To state a claim for conversion, Davis must allege facts demonstrating his ownership of particular property and establishing TBA's wrongful assertion of dominion over that property. *Id.* Davis's conversion claim does not depend solely on TBA's alleged possession of the property, but rather requires possession accompanied by a present intent on the part of TBA to deprive Davis of his property. *See Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So. 2d 1157, 1161 (Fla. 3d DCA 1984). Davis has failed to allege these elements.

Davis alleges no facts permitting the identification of the property allegedly converted. Property must be capable of separate identification to support the assertion of a conversion claim. *See, e.g., Capital Bank v. G & J Investments Corp.*, 468 So. 2d 534, 535 (Fla. 3d DCA 1985); *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970). Davis arrives at the approximate number of purportedly converted slides through pure speculation based on the number of rolls of film he purchased, and his supposition regarding the average number of usable images he produced from each 36-exposure roll of film. In fact, Davis has no idea how many slides he purportedly transferred to TBA's possession; nor

does he make any effort to describe the subject matter of the slides. It is impossible to determine from Davis's allegations the property that is the subject of his conversion claim.

Davis's conversion claim also fails because he admits in the Amended Complaint that TBA attempted to comply with his demand for return of the slides allegedly in its possession, but could not locate all of the property Davis claims. To state a cause of action for conversion, a plaintiff must demonstrate that the defendant had the property at the time the plaintiff demanded its return, and was able, but unwilling, to comply with that demand. *See Sanfisket, Inc. v. Atlantic Cold Storage Corp.*, 347 So. 2d 647, 648 (Fla. 3d DCA 1977). *See also United States v. Bailey*, 288 F. Supp. 2d 1261, 1277 (M.D. Fla. 2003). Here, Davis alleges just the opposite. According to Davis, on July 15, 2011, he demanded that TBA return to him the 23,050 slides. (Dkt. 12-1, ¶ 82). On July 26, 2011, TBA informed Davis that it did not believe it had possession of the slides, but would conduct a search. (Dkt. 12-1, ¶ 83). Davis admits that, as a result of that search, TBA located a notebook containing slides from approximately ten shows. (Dkt. 12-1, ¶¶ 86-87). TBA returned those slides to Davis, but advised that it could locate no other slides. (Dkt. 12-1, ¶¶ 85, 87). In short, Davis has not alleged, and cannot allege, that TBA has possession of the remaining slides, but is wrongfully refusing to surrender those items to Davis. As even Davis admits, TBA searched for the slides but simply could not locate them.[5] As a result of Davis's own allegations, the Court must dismiss the conversion claim.

Davis has similarly failed to include the allegations necessary to support a claim for conversion of any digital images. Davis does not even attempt to describe the number or

---

[5] Davis does not reduce his estimate of the number of slides purportedly converted by TBA to account for the hundreds of slides he admits were returned to him.

content of the digital images he claims TBA has converted. He does not allege that he transferred possession of any stored digital images to TBA or that TBA currently has possession of any property containing digital images belonging to Davis.

Finally, Davis has failed to allege any facts suggesting that TBA is wrongfully exercising any act of dominion over either the slides or stored digital images. In fact, Davis's allegations establish that TBA searched for and surrendered to Davis the property it was able to locate. Davis's own allegations defeat his conversion claim.

### Replevin

The Court should also dismiss Count IV because Davis has failed to state a cause of action for replevin. Davis does not allege a demand for return of the property. Further, Davis has failed to identify the subject property with the required specificity.

Replevin is a "legal action to obtain the recovery of property and/or damages for the wrongful detention of the property." *Future Tech Int'l, Inc. v. Tae Il Media, Ltd.*, 944 F. Supp. 1538, 1547 (S.D. Fla. 1996). "The gist of the action is not the taking of the property, but rather the wrongful detention of it and the plaintiff's right to immediate possession." *Id.* at 1547-48; *Delco Light Co. v. John Le Roy Hutchinson Prop.*, 128 So. 831, 835 (Fla. 1930). In Florida, the right to replevin has long been governed by statute. *See Heavelow v. Frederick*, 163 So. 885, 887 (Fla. 1935); *Harman-Hull Co. v. Burton*, 143 So. 298, 298 (Fla. 1932); *see also McMurrain v. Fason*, 584 So. 2d 1027, 1030 (Fla. 1st DCA 1991) (Florida's statutory scheme discussing replevin can be confusing because its sections deal with both prejudgment and ordinary writs of replevin, but a careful reading explains the difference). To allege a cause of action for replevin, a plaintiff must allege both ownership and the right

to possession of the property at issue. *Harman-Hull*, 143 So. at 298; *Sec. Underwriting Consultants, Inc. v. Collins, Tuttle Inv. Corp.*, 173 So. 2d 752, 753 (Fla. 3rd DCA 1965); Fla. Stat. § 78.02(4).

As an initial matter, a condition precedent to a cause of action for replevin is a demand by plaintiff for the return of the subject property. *See Senfeld*, 450 So. 2d at 1161 n. 5; *see also Bourne v. State Bank of Orlando & Trust Co.*, 142 So. 810, 814 (Fla. 1932). Davis fails to allege in Count IV, including all incorporated paragraphs, that he demanded the return of the "approximately 23,050 original photographic transparencies" that are the subject of his replevin claim. Because Davis fails to allege a condition precedent to suit, Count IV should be dismissed.

Moreover, Davis's claim for replevin fails because he has failed to identify the property subject to replevin. Because replevin involves the recovery of items of personal property, the cause of action "has, by necessity, always been restricted to the recovery of tangible personalty capable of specific identification and manual seizure." *Williams Mgmt. Enterprises, Inc. v. Buonauro*, 489 So. 2d 160, 162 (Fla. 5th DCA 1986). "Similarly, replevin is inappropriate and unavailable when the personalty sought to be recovered is, as a practical matter, incapable of being specifically described by the party moving for the writ, and located, identified, and seized by the marshal executing the writ." *Land-Cellular Corp. v. Zokaites*, 463 F. Supp. 2d 1348, 1353 (S.D. Fla. 2006); *see, e.g., Future Tech*, 944 F. Supp. at 1551. Davis describes the property only as "approximately 23,050 original photographic transparencies of the images taken by DAVIS from the Film Start Date to the Film End Date at the FORUM." (Dkt. 12-1, ¶ 100). Davis arrives at that number through pure speculation.

He has no idea how many slides exist or where those slides are currently located. Further, Davis has utterly failed to describe any of the images at all. Because Davis provides no description of the property, the Court should dismiss Count IV.

### Breach of Contract

The Court should also dismiss Count V because Davis has failed to state a cause of action for breach of contract. In addition, this claim is preempted by federal law because it involves rights falling within the ambit of the Copyright Act.

To state a claim for breach of contract, a plaintiff must allege: "'(1) a valid contract, (2) a material breach, and (3) damages,' as well as Plaintiffs' 'performance of its obligations under the contract or legal excuse for its nonperformance.'" *APR Energy, LLC v. Pakistan Power Res., LLC*, 653 F. Supp. 2d 1227, 1232 (M.D. Fla. 2009) (quoting *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.,* 532 F.Supp.2d 1350, 1357 (M.D.Fla.2007)). Federal pleading requirements demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Textiles Morales, S.A. de C.V. v. Green Paradigm Partners, LLC*, 2011 WL 2881666, *1 (M.D. Fla. July 19, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). This Court has explained that it is insufficient for a plaintiff to allege merely the existence of a contract and then to state that the contract was "breached." *Id.* at *2. Instead, a plaintiff must, at a minimum, allege *specific* provisions of a contract that the defendant allegedly breached. *Id.*; *Whitney Nat. Bank v. SDC Communities, Inc.*, 2010 WL 1270264, *3 (M.D. Fla. Apr. 1, 2010) (dismissing the plaintiff's complaint for failing to allege "the specific provision of the contract allegedly breached").

Count V fails to state a claim because Davis does not identify a *single* contractual provision that has been breached. Instead, Davis describes conduct that he claims is "in violation of terms of contract" without ever specifying which contract applies or which provision of the contract has been breached. This is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me" accusation that *Iqbal* forbids and that this Court stated would be deficient in *Textiles Morales*.

In addition, Davis's claim for breach of contract should be dismissed because the rights that he alleges were "breached" fall squarely within those rights protected by the federal Copyright Act. As a result, his breach of contract claim is preempted.

The Copyright Act expressly preempts certain state law claims, providing as follows:

> (a) On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). Interpreting this section, the Eleventh Circuit employs a two-prong test to determine whether a claim is preempted. Specifically, the Copyright Act preempts state law claims if they involve rights that (1) fall within the subject matter of copyright set forth in sections 102 and 103 and (2) are equivalent to the exclusive rights of section 106. *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1310-11 (11th Cir. 2001) (quoting *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir.1983)) (internal quotation marks omitted).

With respect to the first prong of the Eleventh Circuit's test, it is well established that pictorial works are entitled to copyright protection. *See Burrow-Giles Lithographic Co. v.*

*Sarony*, 111 U.S. 53, 58-59 (1884); *Bleistein v. Donaldson Lithographing Co.*, 188 U.S. 239, 249-50 (1903). The Copyright Act itself expressly holds that copyright protection extends to "original works of authorship fixed in any tangible medium of expression" involving "pictorial, graphic, and sculptural works." 17 U.S.C. §§ 102(a) and (a)(5), 103(a).

The second prong of the preemption test is satisfied if the claim would infringe upon one of the exclusive rights afforded by the Copyright Act. *Lipscher*, 266 F.3d at 1311. Pursuant to 17 U.S.C. § 106, the owner of a copyright has the exclusive right to reproduce copyrighted works, prepare derivative works, and distribute copies by sale or other transfer or ownership. 17 U.S.C. §§ 106(1), (2), and (3). The Eleventh Circuit employs an "extra element" test to analyze the second preemption prong: "if an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is not preemption." *Lipscher*, 266 F.3d at 1311–12 (quoting *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001)).[6] The Southern District of Florida recently explained in applying *Lipsher*: "If the promise [in a contract] amounts only to a promise to refrain from reproducing, performing, distributing or displaying the work, then the contract claim is preempted." *Chen v. Cayman Arts, Inc.*, 2011 WL 3903158 at *6 (S.D. Fla. Sept. 6, 2011) (quoting *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 457 (6th Cir.2001)); *accord Canal Image UK Ltd. v. Lutvak*, 773 F. Supp. 2d 419, 441–45 (S.D.N.Y. 2011); *Oce N. Am., Inc. v. MCS Services, Inc.*, 748 F. Supp. 2d 481, 489-91 (D. Md. 2010); *Jacobsen v. Katzer*,

---

[6] It is important to note that in *Lipsher*, unlike in this case, the subject matter of the contract was *not copyrightable*; the contract between the parties simply attempted to classify the materials as copyrighted. *Id.* at 1318.

609 F. Supp. 2d 925, 933-34 (N.D. Cal. 2009), *dismissed by agreement*, 2010 WL 8231531 (Fed. Cir. Feb. 22, 2010); *Nichols Agency, Inc. v. Enchanted Child Care, Inc.*, 537 F. Supp. 2d 774, 782-84 (D. Md. 2008).  In sum, the second prong of the Eleventh Circuit's preemption test is satisfied if the contract claim only involves promises that are re-statements of the exclusive rights provided under Section 106.

Davis's breach of contract claim satisfies both prongs of the Eleventh Circuit's test and is preempted by the Copyright Act.  Count V alleges a breach of contract involving rights to use photographs protected under the Copyright Act.  Every purported "breach" of the "contract" involves TBA's purported unauthorized use of the photographics.  As a result, the subject matter of this claim falls within the purview of the Copyright Act and satisfies the first prong of the Eleventh Circuit's test.  In addition, each of the alleged "breaches" involves the reproduction, distribution, or display of the photographs.  Davis has failed to allege that the "contracts" involve any right in addition to those described in the Copyright Act.  The rights at issue in Count V are exactly equivalent to those set forth in Section 106, and thus the breach of contract claim involving those rights is preempted.

## Permanent Injunction

Finally, this Court should dismiss Count VI, styled "Permanent Injunction," because it fails to state a claim.  Indeed, there is no such thing as an abstract claim for "Permanent Injunction."  As the Eleventh Circuit has explained, a permanent injunction is a remedy, not a cause of action.  Furthermore, even if Davis could assert a predicate cause of action, Davis fails to allege facts entitling him to the remedy of permanent injunctive relief.

The Eleventh Circuit has repeatedly stated that "[t]here is no such thing as a suit for a traditional injunction in the abstract." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (quoting *Klay v. United Healthgroup, Inc.* 376 F.3d 1092, 1097 (11th Cir.2004)). In other words, "an injunction is not a cause of action but a remedy." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288 (M.D. Fla. 2009), *aff'd*, 451 F. App'x 862 (11th Cir. 2012); *see also Alabama*, 424 F.3d at 1127 (quoting *Klay*, 376 F.3d at 1098, explaining that an injunction is a "remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed— if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise"). Therefore, to seek injunctive relief, a plaintiff must allege a predicate cause of action that would, on its own, withstand a motion to dismiss for failure to state a claim. *Klay*, 376 F.3d at 1097-98. A plaintiff cannot escape dismissal by arguing that its independent claim for injunctive relief is simply an alternative remedy to the remedies it seeks in connection with its substantive claims. *See Duru v. HSBC Bank Nevada, N.A.*, 08-61133-CIV-COHN, 2009 WL 1410472, *2 (S.D. Fla. May 20, 2009), *aff'd sub nom. Duru v. HSBC Card Services, Inc.*, 411 F. App'x 240 (11th Cir. 2011).

Davis does not identify in Count VI a predicate cause of action that would entitle him to injunctive relief. Because Davis fails to allege any valid cause of action in Count VI, that count must be dismissed. *See Alabama* 424 F.3d at 1117; *Klay*, 376 F.3d at 1097.

Even if Davis were to allege a predicate claim (which he has not), he has failed to allege facts that establish his entitlement to injunctive relief. Davis has not alleged any facts establishing his lack of an adequate remedy at law or the threat of irreparable harm. Because

an injunction is an extraordinary remedy, Davis must allege more than the mere infringement

of a legal right (as required under *Alabama* and *Klay*). *Alabama*, 424 F.3d at 1127-28. Davis

must also establish that he has no adequate remedy at law and that the purported

infringement of his rights will cause irreparable injury. *Id.*; *see also County of Monroe,*

*Florida v. Priceline.com, Inc.*, 09-10004, 2009 WL 4890664, *6 (S.D. Fla. Dec. 17, 2009).

The correct test for an adequate remedy at law is whether a judgment could be obtained in a

proceeding at law. *See Stading v. Equilease Corp.*, 471 So. 2d 1379, 1379 (Fla. 4th DCA

1985). Similarly, "[i]rreparable injury is an injury of such a nature that it cannot be redressed

in a court of law, or, as the rule has been otherwise stated, the injury must be of a peculiar

nature, so that compensation in money cannot atone for it.'" *Liza Danielle, Inc. v. Jamko,*

*Inc.*, 408 So. 2d 735, 738 (Fla. 3rd DCA 1982).

Davis's own allegations in the Amended Complaint demonstrate that all of Davis's

alleged injuries can be adequately compensated by an award of damages. Indeed, Davis's

claim for injunctive relief is a textbook example of the circumstance in which injunctive

relief is prohibited. Davis seeks permanent injunctive relief to enjoin TBA's purported

breach of the contracts described in the Amended Complaint, and for which Davis seeks

damages for breach in Count V. It is clear from the allegations in Count V that Davis has an

adequate remedy at law in the form of the damages he seeks for the alleged breaches. (Dkt.

12-1, ¶¶ 110, 119, and prayer for relief in Count V). Similarly, Davis seeks an award of

damages in connection with every other cause of action in the Amended Complaint,

indicating that damages are sufficient to remedy every injury purportedly suffered by Davis.

Count VI suggests that Davis's injunction claim is based on the contracts referenced in Count V. An injunction to prevent the breach of a personal service contract, however, is prohibited. *See Robinson v. Sax,* 115 So.2d 438, 440 (Fla. 3d DCA 1959). Injunctive relief would be available, in theory, only for the provisions of the contracts granting a copyright license to TBA. To the extent Davis's Count VI purports to assert a breach of contract and request for injunctive relief in connection with TBA's purported breach of the license agreements, that claim (and demand for relief) is preempted by the Copyright Act. *See supra,* pgs. 20-23. In short, the only possible basis for an injunction in this case arises out of Davis's claims for copyright infringement and he has included a demand for injunctive relief in Count I. (Dkt. 21-1, ¶ 73). As a result, Count VI should be dismissed.

## Conclusion

Because Davis has failed to state a cause of action in any of his six counts, the Court should dismiss the Amended Complaint in its entirety.

Respectfully submitted,

/s/ Natalie P. Thomas
Natalie P. Thomas, Esq.
Florida Bar No. 147680
natalie.thomas@hklaw.com
Justin L. Dees, Esq.
Florida Bar No. 048033
justin.dees@hklaw.com
Patrick Chidnese, Esq.
Florida Bar No. 089783
patrick.chidnese@hklaw.com
HOLLAND & KNIGHT LLP
P. O. Box 1288
Tampa, FL 33601
Tel: (813) 227-8500
Fax: (813) 229-0134
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2012, a true and correct copy of the foregoing

instrument was electronically filed with the Clerk of the Court by using the CM/ECF system,

which will send electronic notification to the following:

James A. Wardell, Esq.
Wardell & Quezon, P.A.
805 W. Azeele Street, Tampa, FL 33606

/s/ Natalie P. Thomas
Attorney