**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**G. MITCHELL DAVIS,**

    **Plaintiff,**

v.                                                           Case No. 8:12-cv-60-T-30MAP

**TAMPA BAY ARENA, LTD.,**
**d/b/a St. Pete Times Forum,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Amended Complaint (Dkt. 20) and Plaintiff's Response in opposition (Dkt. 23). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted in part and denied in part.

### **BACKGROUND**[1]

This action seeks damages and injunctive relief for copyright infringement and related state law claims. Plaintiff G. Mitchell Davis alleges he is a professional photographer. Defendant Tampa Bay Arena, Ltd (the "Forum")[2] is in the business of hosting and serving

---

[1] The facts stated herein are taken from Davis' amended complaint, and the exhibits thereto (Dkt. 16), which the Court must assume to be true at the motion to dismiss stage.

[2] The Forum is the successor in interest to the facility f/k/a the Ice Palace Arena. For the purposes of this Order, the Court will refer to both entities as the Forum, since any distinction between them is irrelevant at this point.

as an entertainment venue for various concerts, sports, shows, and other events in the Tampa Bay area.

On or about November 20, 1996, Davis first performed photographic services for the Forum. From this time through 1998, Davis took pictures for the Forum on an event-by-event basis, shooting approximately 17 shows. In 1998, Davis entered into a formal agreement with the Forum to produce photographs of the Forum's events. Under the agreement, Davis was entitled to $150 per event for his photographic services, and an hourly rate of $20 for events lasting more than four hours. The agreement provided the Forum with limited use of Davis' photographs, including the right to reproduce images for newsletter, advertising, display prints, broadcast, and the venue web site.

From 1998 until January 2000, Davis photographed all of the Forum's events on film. From January 2000 until March 24, 2003, Davis photographed events with a digital camera, in addition to film. As of March 24, 2003, Davis shot 262 concerts and used 922 rolls of film and photographed between 23,000 and 33,000 usable separate images. These images were developed and the originals were entrusted to the Forum to hold on Davis' behalf in the form of slides.

From March 24, 2003, until Davis' termination on June 16, 2011, he used a digital camera exclusively.

In August 2008, Davis entered into a successor contract with the Forum, which was substantially similar to the 1998 contract, although Davis' compensation per event was increased to $350, with an hourly rate of $130 for events running longer than four hours.

Under both contracts, Davis maintained full ownership and copyright of all photographs he took at the Forum's events.

At some point, the Forum created a Facebook page and posted Davis' pictures of its events on its Facebook page.[3] In January 2011, Facebook added a feature that permitted the automatic downloading of pictures posted on a Facebook page by simply clicking a button. This feature allowed users to download Davis' photographs from the Forum's Facebook page to their personal computers, free of charge and without restriction.

On January 23, 2011, Davis informed the Forum that its posting of Davis' photographs to Facebook was a breach of the agreements. He also informed the Forum that the posting of his photographs violated restrictive agreements between Davis and the artists who were the subject of the photos.

Subsequently, Davis' counsel sent a cease and desist letter to the Forum, demanding that the Forum stop posting Davis' photographs on Facebook, in violation of the contracts. The letter, dated July 15, 2011 (Dkt. 16-4), outlined, in part, the Forum's actions in breach of the terms and conditions of their contract and requested the Forum to return to Davis any original images, including negatives, in the possession, custody, or control of the Forum.

The Forum refused to remove Davis' photos from its Facebook page. The Forum has posted 255 of Davis' photographs on Facebook.

---

[3] Facebook is a social networking site that connects people with friends.

In addition to the Facebook photographs, the Forum, without Davis' permission, hung large banners from the side of its building made from, or displaying, Davis' photos. The Forum also created lamp post banners from, or displaying, Davis' photos. The use of Davis' photos for these banners is in violation of artist agreements, in addition to a violation of Davis' contracts with the Forum.

On June 16, 2011, the Forum notified Davis that it would no longer use his photographic services.

The instant action was originally filed in state court. On January 11, 2012, the Forum removed Davis' action to this Court. On March 15, 2012, Davis filed an amended complaint, asserting a copyright claim and related state law claims against the Forum.

The Forum now moves to dismiss the entirety of Davis' amended complaint for failure to state a claim. For the reasons stated below, the Forum's motion is granted in part.

## MOTION TO DISMISS STANDARD OF REVIEW

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

**I.   Davis' Copyright Claim**

The Forum raises several grounds for the dismissal of Davis' copyright claim. Notably, a number of the Forum's arguments read like a summary judgment motion because they rely on disputed facts and interpretations of the terms and conditions of the contracts; these arguments are inappropriate at the motion to dismiss stage. For example, the Forum argues that Davis has not properly alleged his exclusive rights to the photographs because, under Fla. Stat. § 540.08, Davis is prohibited from publishing, printing, displaying, or otherwise publicly using the photographs for purposes of trade or for any commercial or advertising purpose unless Davis can demonstrate that he has obtained a release or waiver from the artists he photographed. This argument requires an analysis of the facts and, in

essence, serves as a denial or defense to Davis' allegation that he owned the photographs.[4] Thus, this argument in favor of dismissal is without merit.

The Forum also contends that, even if Davis acquired any of the exclusive rights in the photographs, Davis subsequently divested himself of the very rights he claims the Forum infringed because the two contracts for Davis' photographic services provide the Forum with reproduction and use rights. Again, this argument ignores Davis' allegations that he owned the exclusive rights to the photographs. Thus, this argument in favor of dismissal is without merit.

And for the same reasons, the Forum's argument that Davis failed to allege any acts of copyright infringement is denied. Simply put, whether the Forum's actions, such as posting the photos on its Facebook page, fall within the contracts' permitted use of "newsletter, advertising, display prints, broadcast and the venue website" ignores the truth of Davis' allegations and is an issue that will have to be determined at summary judgment, or at the trial of this case. Contrary to the Forum's assertions, the contracts are not so clear to constitute contradictions of the allegations.

The Forum's next argument in favor of dismissal relates to the federal Copyright Act's registration requirement. The Forum contends that the Court must dismiss Davis' copyright infringement claim with respect to the 215 photographs that Davis failed to secure a federal registration. The Court agrees that, although it is not a jurisdictional issue, registration of a

---

[4] Notably, the attached contracts also state that the Forum agrees "that the ownership and copyright remains that of [Davis]" (Dkts. 16-1 and 16-2).

copyright is a mandatory precondition to suit for copyright infringement. *See Marc Anthony Builders, Inc. v. Javic Properties*, *LLC*, 2011 WL 2709882, at *2 (M.D. Fla. July 12, 2011) (discussing *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010) and the registration requirement of 17 U.S.C. § 411(a)).

Here, Davis' allegations admit that he has a registration certificate for only 40 of the 255 photographs that form the basis of his infringement claim. Thus, Count I is dismissed, without prejudice, as to the 215 unregistered photographs. Davis may move to amend his complaint to add these photographs once he meets this requirement.

The Forum's final argument with respect to the copyright claim is that the Court should dismiss Davis' request for statutory damages and attorneys' fees with respect to the 40 registered photographs. Upon consideration of the parties' arguments on this issue, the Court concludes that it would be inappropriate to strike or dismiss these claims for damages at this stage. Although it is clear from the allegations and exhibits to the amended complaint that the Forum's alleged infringement of the photographs occurred before Davis <u>registered</u> the 40 photographs (which precludes statutory damages and attorneys' fees under 17 U.S.C. § 412(1)), whether any infringement of the photographs "commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work" cannot be determined without further discovery on the issue. 17 U.S.C. § 412(2).

Thus, the Court reserves ruling on the issue of whether Davis can seek statutory damages and attorneys' fees as to the 40 registered photographs.

In sum, Count I is dismissed without prejudice to amend as to the 215 unregistered photographs.

## II.   Davis' Bailment, Conversion and Replevin Claims

The Forum's arguments with respect to Davis' state law claims of bailment, conversion, and replevin are materially similar and without merit. The Forum applies an overly strict analysis of the degree of specificity needed to state a claim and contends that Davis fails to assert "the most basic elements" of the causes of action. The Court disagrees.

The bailment, conversion, and replevin claims relate to the Forum's unlawful activity with respect to Davis' property, i.e., the photographs. The Forum argues with respect to each claim that Davis failed to particularly identify the property. To the contrary, the common allegations and the exhibits attached to the amended complaint identify with specificity that the property consists of 23,050 usable transparencies from 262 events at the Forum.

Davis also alleges that he delivered the property to the Forum, that he was the owner of the property, and that the Forum has retained the property, despite Davis' demand for the return of the property.

The allegations also support the element that the property was in the Forum's care and custody.

The Forum appears to dispute a number of Davis' allegations, arguing that Davis arrives at the number of 23,050 original photographic transparencies "through pure speculation" and that Davis "has no idea how many slides exist or where those slides are currently located." The Forum argues that it returned some slides to Davis and does not have

any additional slides in its possession.  The Forum also argues that Davis did not demand the return of the property.  These arguments are inappropriate at the motion to dismiss stage.

In sum, the Forum's motion to dismiss is denied with respect to Davis' claims of bailment, conversion, and replevin.

### III.   Davis' Breach of Contract Claim

The Forum argues that Davis does not identify the specific provisions of the contracts that it allegedly breached.  Upon review of the allegations and the attached contracts, the Court concludes that Davis has pled sufficient allegations with respect to this claim.

Importantly, unlike other breach of contract claims before this Court where the Court has ruled that the plaintiff did not identify the specific contractual provisions that were breached, the two contracts at issue in this case are less than two pages in length, simply written, and do not contain complex terms and conditions.  Taken in this context, Davis' allegations are sufficient.

Specifically, in paragraph 109 of the amended complaint, Davis identifies the Forum's breaches of the contracts (and in paragraph 108 references the contracts' limited use rights section) as follows: posting photographs on Facebook; had Banners made using photographs; added corporate sponsorships to photographs; exceeded the authorized usage; refused to return photographs; transferred certain ownership and usage rights to Facebook; failed to secure permission of Davis for uses; failed to give photo credit; and used photos for the sale of advertising to corporate partners without permission or compensation to Davis.

In sum, these allegations state a claim for breach of contract and the Forum's motion to dismiss on this issue is denied.

The Forum also argues that the copyright infringement claim preempts the breach of contract claim because the alleged breaches "fall squarely within those rights protected by the federal Copyright Act." This argument is without merit because the Eleventh Circuit has held that a breach of contract claim is not preempted by the federal Copyright Act due to the additional element of the existence of an agreement. *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.,* 596 F.3d 1313, 1326-27 (11th Cir. 2010); *Jaggon v. Rebel Rock Entertainment, Inc.*, 2010 WL 3468101, at *3 (S.D. Fla. Sept. 1, 2010). Moreover, as Davis points out, the allegations identify breaches that do not relate to the copyright infringement claims.

## IV.    Davis' "Claim" for Permanent Injunction

The Forum argues that the Court should dismiss Count VI, a claim for permanent injunction, because the law does not recognize a separate cause of action for permanent injunction, which is a remedy.

Davis appears to concede this point, but argues that the allegations of Count VI can be interpreted as bolstering the remedy portion of the copyright and breach of contract claims.

The Court concludes that, to the extent the amended complaint asserts a separate "claim" for permanent injunction, said claim is stricken. However, the allegations under this

claim are not stricken to the extent that they relate to the <u>remedy</u> of a permanent injunction with respect to the copyright and breach of contract claims.[5]

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Amended Complaint (Dkt. 20) is granted in part and denied in part as stated herein.

2. Defendant shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-60.mtdismiss20.frm

---

[5] The Forum's arguments with respect to whether Davis has met the elements of a permanent injunction are inappropriate at this stage. Whether Davis can establish the lack of an adequate remedy at law or the threat of irreparable harm is irrelevant at this stage.