**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

G. MITCHELL DAVIS

      **Plaintiff,**

                                      Case No.: 8:12-cv-60-T-30MAP

v.

**TAMPA BAY ARENA, L.T.D.,**
**d/b/a ST. PETE TIMES FORUM**

      **Defendant.**
_____/

**SECOND AMENDED COMPLAINT**

    COMES NOW the Plaintiff, G. MITCHELL DAVIS, ("DAVIS") by and through his undersigned legal counsel and hereby sues Defendant TAMPA BAY ARENA, L.T.D. d/b/a TAMPA TIMES FORUM, f/k/a ST. PETE TIMES FORUM ("FORUM") and alleges as follows:

**JUSRISDICTION**

    1.    This is a civil action seeking damages and injunctive relief for copyright infringement (17 U.S.C. s. 101et seq) and related state law claims.  It comes before the Court after removal by the Defendant.  Plaintiff hereby reaffirms consent to removal.  Jurisdiction is pursuant to 28 U.S.C. 1331, 1441, 1338 and 1367.

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. s. 1331 (federal question jurisdiction) and 28 U.S.C. s. 1338(a) (jurisdiction over copyright actions).

    3.    This Court has personal jurisdiction over Tampa Bay Arena L.T.D. because the acts of infringement complained of are "tortious act[s]" committed "within this state" under Fla. Stat. s. 48.193(1)(b).  Defendant Tampa Bay Arena L.T.D. owns and operates the Tampa Times

Forum an arena located in Hillsborough County, Florida.

4. Personal jurisdiction over Tampa Bay Arena L.T.D. is also proper because it is "operating, conducting, engaging in, or carrying on a business or business venture in Florida, under Fla. Stat. s. 48.193(1)(a).

## VENUE

5. Venue is proper in this District under 28 U.S.C. s. 1391(b), (c) and 28 U.S.C. s. 1400(a). Tampa Bay Arena L.T.D. resides in this District and a substantial part of the acts of infringement complained of herein occurs or has occurred in this District.

## THE PARTIES AND GENERAL ALLEGATIONS

6. Plaintiff DAVIS, at all times material hereto, is a professional photographer and resident of Hillsborough County, Florida.

7. Defendant FORUM is a registered foreign limited partnership engaged in the business of hosting and serving as an entertainment venue for various concerts, sports, shows, and other events in the Tampa Bay area.

8. Defendant FORUM owns and operates the physical arena located at 401 Channelside Drive, Tampa, Florida 33602-5400.

9. Defendant FORUM is the successor in interest to the facility f/k/a the Ice Palace Arena ("Palace").

10. The Ice Palace Arena became known as the FORUM on or about September 4, 2002.

11. On or about November 20, 1996 ("Film Start Date"), DAVIS first performed photographic services for the Palace.

12. From the Film Start Date through 1998, DAVIS performed photographic services

at the Palace on an event-by-event basis shooting approximately 17 shows.

13. In or about 1998 Davis entered into a formal agreement with the Palace entitled "Contract for Photographic Services" ("Contract #1"). Contract #1 is attached as **Exhibit #1** to this Amended Complaint.

14. From the Film Start Date until January 2000, DAVIS photographed all events at the FORUM on Film only.

15. From January 2000 until March 24, 2003 ("Film End Date"), DAVIS began to photograph events with a digital camera. However, digital camera technology was not of sufficient quality during that time for most of his needs, therefore it was necessary for DAVIS to continue using film in addition to the digital photographs.

16. From the Film Start Date through the Film End Date, DAVIS shot 262 concerts and used 922 rolls of film and photographed between 23,000 and 33,000 usable separate images.

17. These images were developed and the originals were entrusted to the FORUM to hold on behalf of DAVIS in the form of slides.

18. From the Film End Date until DAVIS' termination on June 16, 2011, he performed his services under his contract on digital cameras only.

19. In or about August 2008, DAVIS entered into a successor "Contract for Photographic Services" with the FORUM ("Contract #2"). Contract #2 is attached to this Amended Complaint as **Exhibit #2**.

20. By agreement, DAVIS maintained full ownership and copyright of all photographs he took at FORUM shows under both contracts.

### *Posting of Photos on Facebook*

21. At some point, the FORUM began a Facebook page and began posting pictures

taken by DAVIS on its Facebook page.

22. Facebook is a social networking site (SNS) that connects people with friends and others who work, study and live around them.[1]

23. At some time around January of 2011, Facebook added a feature that permitted the automatic downloading of pictures posted on Facebook by simply clicking a button. This enables any person in the world to take one of DAVIS' photographs off of the FORUM'S Facebook page and download it to their own computer and use it anyway they wish absolutely free of charge and without restriction.

24. On January 23, 2011, DAVIS communicated to the FORUM that the FORUM'S posting of DAVIS' images to FACEBOOK was not in accordance with the terms of his contract with the FORUM.

25. He further communicated that the posting of his images to Facebook permitted the downloading of his images by third parties, including the general public.

26. By posting the photo's on Facebook, the FORUM was also violating restrictive agreements DAVIS had to sign with artists in order to be permitted to photograph them at the concerts. Attached as **Exhibit #3** to this Amended Complaint is the Agreement signed with the representatives for Reba McEntire for her concert at the FORUM.

27. In addition to DAVIS communicating his objections directly to the Forum, he later retained counsel and had counsel send a letter demanding that the Forum Cease and Desist the misuse of DAVIS' photographs. This letter is dated July 15, 2011 and is attached to this Amended Complaint as **Exhibit #4**.

28. To date, the FORUM has refused to take down DAVIS' photos from its Facebook page promoting the theft by the general public of DAVIS' photographs.

---

[1] Definition from Webopedia of "Facebook".

29. The FORUM has posted two hundred fifty-five (255)* of DAVIS' photographs on Facebook.

30. DAVIS timely registered forty (40) of the two hundred forty-six (246) photos under the federal copyright statute.

31. Attached as Composite **Exhibit #5** to this Amended Complaint is the registration certificates for the forty (40) timely registered photographs.

32. Attached as Composite **Exhibit #15** is the registration certificates for the remaining 206 photographs.

33. Undersigned Counsel had his assistant access and download all of the registered photos from the FORUM'S Facebook page and record the URL, which is the unique location of the photographs on the worldwide web, as undisputed proof of the location from where they were obtained. Ms. Kathryn Daley signed an Affidavit attesting to what she did and attached the downloaded photographs and URL's as **Exhibit #6**.

## *Banner Photo's and Lamp Post Banner Photo's*

34. The FORUM hangs large banners from the side of the building made from photos taken by DAVIS.

35. The FORUM has never asked permission or been granted authorization for the use of the photos in this manner.

36. The FORUM has hung pictures taken by DAVIS of stars who performed at the FORUM without consent of the star or DAVIS.

37. Banners currently hang from the building displaying photographs taken by DAVIS of musical artists Taylor Swift, Tom Petty, Fergie and Michael Buble'.

*Originally we alleged 255 photos but total registered photos are 246.

38. On the banner are current FORUM and Tampa Bay Lightning Corporate Sponsors DEX Imaging and Brighthouse Networks at the top left and top right of the banner.

39. The manner in which the FORUM used DAVIS' photograph gives the appearance that the musical artists are endorsing the FORUM and Lightning Corporate partners, Dex Imaging and Brighthouse Networks. A picture of banners is attached to this Amended Complaint as **Exhibit #7.**

40. Previous banners have included a photo of musical artist Jon Bon Jovi taken by DAVIS. Jon Bon Jovi was depicted playing his guitar squeezed between a picture of a Heineken bottle pouring beer from the bottle on one side of the picture with the liquid continuing to the other side where it splashes out. The cap to the bottle displays the Heineken name and logo on the opposite side. The use of the photo gives the appearance of Jon Bon Jovi endorsing Heineken, another FORUM and Lightning corporate sponsor. A picture of the Bon Jovi/Heineken banner is attached as **Exhibit #8** to this Amended Complaint.

41. In addition to the banner photo's, the FORUM made Lamp Post Banners with pictures taken by DAVIS of artists. The Lamp Post Banner would be DAVIS' photo of the artist with a FORUM or Lightning corporate partner embossed on the photo. Attached as **Exhibit #9** is a DAVIS photo of Reba McEntire with the Heineken logo. **Exhibit #10** is a photo taken by DAVIS of James Hetfield, the guitarist for the heavy metal band Metallica with the same Heineken logo.

42. The FORUM receives significant income from its corporate partners but does not share it with DAVIS and the star being used, or otherwise compensate them for the use.

### *Restricted Use Forms*

43. Prior to photographing an artist at a concert at the FORUM, DAVIS was many

times required to sign an agreement restricting the use of his work by the performing artist. These restrictions varied from performing artist to performing artist. A sample of three of these agreements are attached to this Amended Complaint as **Composite Exhibit # 11 a-c**.

44. Generally, the forms were designed to protect and restrict the usage of the image of the star. Stars want to get paid and control the use of their image.

45. The forms were presented to the photographers, including DAVIS, immediately prior to the shows.

46. The FORUM kept copies of the agreements and advised DAVIS he had to sign them in order to perform his work. DAVIS did not always get a copy of the document he signed.

47. The banner use is in violation of the artist agreements in addition to a violation of DAVIS' agreement with the FORUM.

48. Despite numerous requests, the FORUM refused to stop posting DAVIS's images on Facebook and refused to stop violating restricted uses of the stars image through DAVIS' photographs.

49. The FORUM repeatedly stated they were going to re-work DAVIS' agreement to compensate him for the use and hold him harmless for any violations of the artist agreements.

50. On March 9, 2011, the FORUM provided a proposed Photographer Services Agreement ("PSA") for DAVIS to execute.

51. The terms of the PSA purported to alter dramatically the long-standing professional relationship between DAVIS and the FORUM.

52. On various occasions, DAVIS attempted to discuss and negotiate the terms of the PSA, but to no avail.

53. DAVIS subsequently refused to sign the PSA. The proposed PSA is attached as

**Exhibit #12**.

54. On or about, April 15, 2011, the FORUM encouraged DAVIS to execute the PSA by describing the PSA as "giving you [DAVIS] the right to be able to do your portfolio and even sell pics while allowing us [FORUM] to post of [sic] Facebook, website, etc and promote our events day to day, etc, etc" [sic].

55. On or about June 16, 2011, the FORUM told DAVIS it would no longer use his photographic services ("Services End Date").

56. All conditions precedent necessary to maintain this action have occurred, been performed, excused or waived.

57. DAVIS has had to retain Undersigned Counsel to prosecute this matter and is obligated to pay him a fee.

58. DAVIS demands trial by jury on all counts so triable.

## COUNT I

### *Copyright Infringement*

59. DAVIS hereby re-alleges paragraphs 1-57 above.

60. DAVIS owns a valid copyright to all photographs he took at the FORUM.

61. The 246 photographs have been registered.

62. The FORUM controls and posts the content of its Facebook page and is otherwise responsible for the posting of material.

63. The FORUM has infringed upon this copyright by posting 246 unique copyrightable photos taken and owned by DAVIS on the FORUM's Facebook page.

64. **Exhibit #13** is a list by URL of each of DAVIS' photographs on the FORUM's Facebook page for which the FORUM is violating DAVIS' copyright.

65. The FORUM had access to these copyrighted photos through its agreement with DAVIS.

66. The posting of these photos to Facebook permits the unfettered downloading, copying and use of DAVIS' photos by the general public free of charge and without restriction.

67. The FORUM is not authorized to give DAVIS' photos away by this means or any other.

68. Without authorization from DAVIS, or right under law, Defendant FORUM has unlawfully distributed 246 copyrighted works of DAVIS through the posting on Facebook for the general public to download in violation of the Copyright Act, 17 U.S.C. s. 106.

69. Defendant FORUM is directly liable for these acts of infringement under the Copyright Act. The infringing works reside on the Facebook page controlled by the FORUM. The FORUM causes and effect the infringing act of transmitting copies of those works to any user that visits its Facebook page through the automatic download feature on the page. Thus the FORUM is actively involved in providing the copyrighted material, as well as a vehicle for its unfettered distribution, making it available to the entire public at large free of charge and without restriction.

70. The foregoing acts of infringement by FORUM have been willful, intentional, purposeful, and with knowledge of their unlawfulness in disregard of and indifference to DAVIS' rights.

71. The FORUM'S infringement is part of a scheme that uses DAVIS' photographs of artists in violation of copyright to secure apparent endorsement by the artists of the FORUM'S corporate advertising partners without compensating DAVIS or the artist depicted in the photo.

72. As a direct and proximate result of Defendants' infringement of Plaintiff's

exclusive rights under copyright, Plaintiff is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. s. 504(b).

73. Alternatively, Plaintiff is entitled to the maximum statutory damages of $150,000.00 per infringement for the 40 registered works pursuant to 17 U.S.C. 504(c).

74. Plaintiff is further entitled to attorney fees and full costs pursuant to 17 U.S.C. s. 505.

75. Defendants conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. s. 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of his copyrights and rights under copyright.

WHEREFORE the Plaintiff, G. MITCHELL DAVIS, prays this Honorable Court will grant judgment against the Defendant as follows:

A. For a preliminary injunction enjoining Defendant and all persons in active concert or participation with them, from directly committing, aiding, encouraging enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of Plaintiffs copyrighted work. Including, but not limited to, removing all copyrighted materials from Facebook.

B. For all damages to which Plaintiff may be entitled, including Defendants profits, in such amounts as may be found. Alternatively, at Plaintiff's election, on those copyrighted materials which qualify, statutory damages for the maximum amount allowed by law.

C. Prejudgment interest according to law.

D. For Plaintiffs attorney fees, and full costs and disbursements in this action.

E. For such other and further relief as the Court may deem proper and just.

F. Plaintiff demands trial by jury on all Counts so triable.

## COUNT II

### *Breach of Bailment*

76. DAVIS hereby re-alleges paragraphs 1 through 57 above.

77. Beginning on or about the Film Start Date and continuing to the present, DAVIS deposited with the FORUM property consisting of original photographic transparencies of the the images created for and arising out of the terms of the Contracts ("Bailed Property"). DAVIS made such deposits by delivering and providing the transparencies to the FORUM for its convenience to take advantage of the transparencies for its specific and limited use rights of the images as stated in the Contracts.

78. The Bailed Property is the product of photographs taken by DAVIS using 922 roles of 36 exposure film each. It covered the time period from the Film Start Date to the Film End Date. It was 262 shows or events.

79. Over the stated time period, DAVIS average 25 usable photos per roll of film. 25 x 922 = 23,050 usable transparencies as the Bailed Property.

80. Attached as **Exhibit #14,** is the business records kept by DAVIS of film purchases listed by event.

81. Under the terms of the Contracts, DAVIS retained ownership and copyright of all images taken.

82. The FORUM was to secure the Bailed Property and store and keep it in Hillsborough County at 401 Channelside Drive, Tampa, Florida 33602-5400, the physical

address for the Arena.

83. Throughout the active relationship between the parties, the FORUM served as the sole custodian and maintained exclusive possession of the Bailed Property for its own benefit to the exclusion of DAVIS.

84. On or about July 15, 2011, DAVIS, through Counsel, first demanded return of the Bailed Property from the FORUM.

85. On or about July 26, 2011, the FORUM indicated that it did not believe it had any of the Bailed Property in its possession, but it would conduct a search.

86. On or about August 11, 2011 after hearing nothing further from the FORUM about the Bailed Property in its possession, DAVIS again requested that the Bailed Property be located and returned.

87. On or about August 25, 2011, the FORUM indicated that it had not found any of the Bailed Property.

88. Subsequently, on or about September 1, 2011, the FORUM communicated that it found a notebook of transparencies.

89. The one notebook was ultimately returned to DAVIS, but the notebook only had slides from a very small portion of the total shows where transparencies were created (about ten out of approximately 262 shows). Additionally, the FORUM had removed certain transparencies from the single notebook it returned.

90. The FORUM indicated it had removed the transparencies to have them reproduced.

91. The transparencies have not been returned to date.

92. The FORUM has failed or refused to return the remainder of the Bailed Property

after lawful demand.

93. DAVIS is the owner of the Bailed Property and entitled to immediate possession of the Bailed Property and/or damages for the failed return or loss of the property.

WHEREFORE, Plaintiff, G. MITCHELL DAVIS, demands judgment against Defendant for return of the property, damages, interest, costs and such other relief as the Court deems appropriate and further demands trial by jury on all counts so triable.

## COUNT III

*Conversion*

94. DAVIS hereby re-alleges paragraphs 1-57 above.

95. At the Service End Date, the Forum still retained original photographic transparencies of DAVIS photographic original works taken at events at the FORUM.

96. Despite DAVIS' repeated requests for return of his property from the FORUM, the FORUM has failed or refused to return DAVIS' property.

97. The FORUM has converted to its own use the approximate 23,050 original photographic transparencies taken by DAVIS from the Film Start Date to the Film End Date.

98. The FORUM has further converted all digital original photographic works taken and owned by DAVIS and provided to the FORUM.

99. As a direct and proximate result of the FORUM'S conversion of DAVIS' property set forth above, DAVIS has been materially injured and damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff, G. MITCHELL DAVIS, demands judgment against Defendant for return of property, damages, interest, costs and such other relief as the Court deems appropriate and further demands trial by jury on all counts so triable.

## **COUNT IV**

### *Replevin*

100. DAVIS hereby re-alleges paragraphs 1 through 57 above.

101. This is an action to recover possession of personal property located in Hillsborough County, Florida.

102. The description of the property is: approximately 23,050 original photographic transparencies of the images taken by DAVIS from the Film Start Date to the Film End Date at the FORUM.

103. DAVIS is the owner of the property in question.

104. To the best of DAVIS' knowledge, information and belief the value of the property is in an amount to be proven at trial. However, the FORUM previously bought out a single comparable image for $2,000.00 from DAVIS.

105. To the best of DAVIS' knowledge, information and belief, the property is located in Hillsborough County at 401 Channelside Drive Tampa, Florida 33602.

106. The FORUM came into possession of the property as a result of the parties contractual relationship as previously described herein. To DAVIS' best knowledge, information and belief, the FORUM has detained or failed to return the property because they negligently or recklessly failed to maintain, secure, track, or store the property.

107. The property has not been taken for any tax, assessment, or fine pursuant to law.

108. The property has not been taken under an execution or attachment against DAVIS' property.

WHEREFORE, Plaintiff, G. MITCHELL DAVIS, demands judgment against Defendant for return of the property, damages, interest, costs and such other relief as the Court

deems appropriate and further demands trial by jury on all counts so triable.

## COUNT V

### *Breach of Contract*

109.　DAVIS hereby re-alleges paragraphs 1 through 57 above.

110.　Pursuant to the Contracts, DAVIS granted the FORUM limited use rights regarding the images.  The contracts have been previously attached as **Exhibits #1 and #2**.

111.　The FORUM breached the contract.  More specifically, the FORUM;

    a.　Posted photographs on Facebook.

    b.　Had Banners made using photographs.

    c.　Added corporate sponsorships to photographs.

    d.　Exceeded the authorized usage.

    e.　Refused to return photographs.

    f.　Transferred certain ownership and usage rights to Facebook.

    g.　Failed to secure permission of DAVIS for uses.

    h.　Failed to give photo credit.

    i.　Used photos for the sale of advertising to corporate partners without permission or compensation to DAVIS.

All in violation of terms of contract.

112.　As a direct and proximate result of the alleged breaches, Plaintiff has suffered damages to include but not be limited to, loss of income, loss of restricted use of his work, loss of protection, loss of credit for work, and all other damages allowed under law in an amount to be proven at trial.

WHEREFORE, Plaintiff, G. MITCHELL DAVIS, demands judgment against the

Defendant for damages, interest, costs and such other relief as the Court deems appropriate and further demands a trial by jury on all issues so triable.

### COUNT VI

*Permanent Injunction*

113. DAVIS hereby re-alleges paragraphs 1-57 above.

114. This is an action for permanent injunctive relief against the FORUM.

115. DAVIS has performed all obligations under the contracts or such performance has been waived, excused, or discharged.

116. The FORUM posted numerous images owned by DAVIS on Facebook.  Such actions by the FORUM:

   a. Transferred certain rights regarding the images to Facebook.  Pursuant to Facebook's terms and conditions, such rights exist in perpetuity until the images are deleted and grant Facebook a non-exclusive, transferable, sub-licensable, royalty-free, worldwide license to use any IP content [images].  See http://www.facebook.com/terms.php.

   b. Facilitated the downloading, distribution, and use of images by third-parties, that being the general public.

117. As a result of the FORUM'S actions, DAVIS has suffered and would continue to suffer substantial, immediate and irreparable harm as a result of the FORUM'S failure to remove and continuing to post images on Facebook, including, but not limited to, the loss of control of the use, ownership and rights related to the images.

118. The continuing monetary damages resulting from these losses are and would be difficult to ascertain.  As such, Davis has no adequate remedy at law.

119. As DAVIS' images are the result of his over 30 years of photographic experience and practice, his images have otherwise been protected and limited in their distribution and sale, and DAVIS has provided (and the FORUM has used for other images) a secure site where images can be reviewed, but control over downloading and copying of the images is strictly protected. As such the use of such images by the FORUM on Facebook presents a threatened and current ongoing injury to DAVIS that outweighs any possible harm to the FORUM.

120. The granting of a permanent injunction in this matter will not disserve the public interest.

121. As the contracts on their face do not permit use on third-party websites and DAVIS retains ownership of the images, DAVIS has a clear legal right to prevent the images from being posted to Facebook and to have them removed.

WHEREFORE, Plaintiff, G. MITCHELL DAVIS, demands judgment against the Defendant and requests, in addition to fees and cost incurred in this action, that this Court enter an order permanently enjoining the FORUM from posting images taken by DAVIS pursuant to the contracts and Ordering the FORUM to remove from Facebook all images taken by DAVIS and such other relief as the Court deems appropriate and further demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2013, the above document was electronically filed with the Clerk of Court by using the Court's Electronic Case Filing System, and relied upon the system's automatic service of this document to Defendants' counsel.

    s/ James A. Wardell
JAMES A. WARDELL, ESQUIRE
WARDELL & QUEZON, P.A.
805 W. Azeele Street
Tampa, Florida 33606
Telephone: (813) 387-3333
Facsimile: (813) 387-3050
Florida Bar No.: 0868061
jwardell@jawlaw.net