UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**G. MITCHELL DAVIS,**

    **Plaintiff,**

v.                                          Case No.  8:12-cv-60-T-30MAP

**TAMPA BAY ARENA, LTD.,**
d/b/a St. Pete Times Forum,

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Verified Motion for Attorneys' Fees and Costs (Dkt. 104) and Plaintiff's Response in Opposition (Dkt. 112). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied with respect to fees and granted with respect to costs.

## BACKGROUND

On June 27, 2013, the Court granted Defendant Tampa Bay Arena, LTD.'s (the "Forum") motion for partial summary judgment to the extent that the Court concluded that Plaintiff G. Mitchell Davis' copyright claim failed as a matter of law because Davis provided the Forum with an implied license to post his photographs on the Forum's Facebook page (Dkt. 101). The Court noted that Davis' copyright claim amounted to a breach of contract claim. Notably, Davis pled a breach of contract claim in the alternative. The Court denied

the Forum's motion with respect to Davis' breach of bailment, conversion, and replevin claims because the record contained numerous disputed facts related to those claims. Finally, the Court declined to exercise supplemental jurisdiction over the state-law claims and remanded the remaining claims to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

The Forum moves for attorneys' fees and costs under 17 U.S.C. § 505 as the prevailing party.

## DISCUSSION

I. **Basic Legal Standard**

In copyright cases, the decision to award attorneys' fees is within the sound discretion of the Court. 17 U.S.C. § 505 ("[T]he Court in its discretion may allow the recovery of full costs by or against [a] party...[and] may also award a reasonable attorney's fee to the prevailing party as part of the costs."); *Cable/Home Commc'ns Corp. v. Network Prods., Inc.,* 902 F.2d 829, 853 (11th Cir. 1990). In deciding whether to award fees, a Court should consider whether the position of the losing party was (1) frivolous or (2) objectively unreasonable, (3) the losing party's motivation in litigating the action, and (4) the need to advance considerations of compensation and deterrence. *See Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 n. 19 (1994). In balancing these factors, the Eleventh Circuit has stressed that a court should not consider the issue of whether the losing party can afford to pay the prevailing party's fees but instead must focus on whether an award of fees will further the

goals of the Copyright Act. *See Mitek Holdings, Inc. v. Arce Eng'g Co., Inc.,* 198 F.3d 840, 842 (11th Cir. 1999).

### A.     Factor One: Frivolousness

The Forum argues that Davis' copyright claim was frivolous. The Court disagrees. A claim is frivolous if it is without arguable merit in either law or fact. *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). Davis' copyright claim had merit under the law and under the facts as discussed in the Court's summary judgment order (Dkt. 101). The facts reflected that the agreements between the parties stated that the ownership and copyright of the photographs remained with Davis. It was undisputed that the Forum downloaded Davis' photographs on its Facebook page and that the agreements between the parties did not specifically encompass Facebook usage.

The Court ultimately concluded that the record was undisputed that Davis granted the Forum an implied license to post his images to the Forum's Facebook page but this conclusion did not render Davis' claim frivolous. The Court noted that even though there may have been genuine disputes regarding the scope of any implied license, the conditions Davis attached to the use of his photographs on Facebook amounted to covenants, not condition precedents to the granting of the implied license. Notably, the Forum's motion for partial summary judgment did not focus on the difference between a covenant and a condition precedent and this nuance is not particularly obvious under the relevant law. Accordingly, although Davis ultimately did not prevail on his copyright claim, his claim was not lacking in merit.

The Court's finding that Davis' copyright claim was not frivolous thus weighs against an award of attorneys' fees.

**B.     Factor Two: Objective Unreasonableness**

In determining the objective reasonableness of the losing party's position, the Court "must consider not how many times in the litigation at issue the presiding court rejected a non-prevailing party's legal position, but rather, the clarity of the law with respect to the losing party's position at the time that the losing party pressed its argument." *Luken v. Int'l Yacht Council, Ltd.,* 581 F. Supp. 2d 1226, 1240 (S.D. Fla. 2008). In determining the objective reasonableness of the party's position at the time it advanced the argument, the Court should consider whether its position was patently without merit or otherwise clearly lacking a legal or factual basis. *Maxwood Music Ltd. v. Malakian,* 722 F. Supp. 2d 437, 439 (S.D.N.Y. 2010).

As noted above, Davis' claim was not without merit or otherwise clearly lacking a legal or factual basis. The Forum argues that the "law regarding the creation of implied licenses was well established in the Eleventh Circuit" at the time Plaintiff's copyright claim was filed. (Dkt. 104). This is true but the Forum glosses over the fact that the issue of the scope of Davis' implied license was a close question and turned on specific facts that ultimately resulted in the Court's determination that the conditions Davis placed on the implied license amounted to covenants, not conditions precedent, a nuance that the Forum did not even recognize. Again, whether Davis' claim amounted to a breach of copyright or

a breach of contract was a difficult issue and, although the Forum ultimately prevailed, Davis' claim was not objectively unreasonable.

The Court's finding that Davis' copyright claim was not objectively unreasonable weighs against an award of fees.

### C.   Factor Three: Motivation

In exercising its discretion to award fees, a court should consider whether the losing party litigated in good or bad faith. *See, e.g., Tuff 'N' Rumble Management, Inc. v. Profile Records, Inc.,* 1997 WL 470114, at *1 (S.D.N.Y. 1997). Bad faith litigation conduct includes initiating a lawsuit for the purposes of harassment (or for another improper motive), obstructing discovery, disobeying court orders, failing to adequately research the law and facts, and otherwise pursuing litigation in an improper and unprofessional manner. *Id.*

Here, the Forum argues in a conclusory fashion that Davis' copyright infringement claim was initiated for an improper purpose, i.e., the lawsuit was motivated by financial gain. The history of this case does not support this contention. The agreements between the parties did not address Facebook usage. The record on summary judgment demonstrated that Davis frequently objected to the Forum's use of his photographs on Facebook, especially after Facebook added a feature that permitted unknown third parties to download Davis' photographs. Although the Forum ultimately prevailed on the copyright claim, the Court concludes that Davis held a good faith belief that the Forum was violating the copyright laws by continuing to post his photographs on Facebook. Any argument to the contrary is pure speculation.

Accordingly, the Court concludes that Davis acted in good faith in prosecuting his copyright claim against the Forum. As a result, this factor also weighs against awarding fees.

### D. Factor Four: Considerations of Compensation and Deterrence

In deciding whether to award attorneys' fees in a copyright infringement action, courts have often looked to considerations of compensation and deterrence. Courts have rewarded fees both to encourage the litigation of valid claims (and defenses) and to deter the prosecution of frivolous and nuisance suits. Courts have also declined to award fees where doing so would chill a plaintiff from bringing a meritorious claim.

The Court has already concluded that Davis' copyright claim was objectively reasonable and brought in good faith. To award fees to the Forum in such a situation would deter future plaintiffs from bringing meritorious (especially close) copyright actions, frustrating the goals of the Copyright Act. "[A] party that advances a reasonable position should not be deterred from doing so for fear that it will have to pay attorney's fees if it loses." *Luken,* 581 F. Supp. 2d at 1246 (citations omitted). Numerous other courts have also ruled against awarding fees in such a situation, fearing that doing so would chill plaintiffs from litigating good-faith reasonable claims and thus frustrate the purposes of the Copyright Act. *See, e.g., Matthew Bender & Co. v. West Publ'g Co.,* 240 F.3d 116, 122 (2d Cir. 2001); *Harris Custom Builders, Inc., v. Hoffmeyer,* 140 F.3d 728, 730 (7th Cir. 1998); *Donald Frederick Evans and Associates, Inc. v. Continental Homes, Inc.,* 785 F.2d 897, 916 (11th Cir. 1986).

On this issue it is important to note that Davis originally brought this action in state court as a breach of contract claim, among other state-law claims. The Forum removed the action to this Court, arguing that the breach of contract claim was essentially a federal copyright infringement claim. Davis subsequently amended his complaint to allege a copyright claim. This case is peculiar because it was the Forum that, in a sense, initiated the proceeding as a copyright action. In other words, this case was far from a nuisance case or a case in which the plaintiff initiated a frivolous copyright action for unsavory reasons. The ball began with the Forum's contention that Davis was essentially asserting a copyright claim. Thus, although irrelevant for the Court's ruling on summary judgment, the procedural history of this case is useful in that it reflects that Davis' decision to plead a copyright claim was not unreasonable.

For all of the above reasons, this Court will not depart from the several courts which have held that considerations of compensation and deterrence will not be advanced by taxing fees against a losing plaintiff who prosecuted objectively reasonable claims in good faith. As a result, this factor also weighs against an award of fees.

### E. Conclusion

Each factor discussed above weighs in Davis' favor. Accordingly, the Court exercises its broad discretion to deny the Forum's request for attorney's fees under 17 U.S.C. § 505.

## II. The Forum's Request for Costs

Courts routinely award costs to the prevailing party (even if the losing party's claims were brought in good faith and were complex, and/or reasonable). *See* Fed. R. Civ. P. 54(d);

28 U.S.C. §1920.  Thus, the Court concludes that the Forum should be awarded the costs it reasonably incurred in the process of litigating Davis' copyright claim.  The information in the record is insufficient for the Court to determine these costs.  The Court allows the Forum seven (7) days to file a notice of their costs *related to the copyright claim*.  The notice shall attach invoices supporting the cost amounts.  Davis may file an objection to any of the costs within seven (7) days from the date of the filing of the Forum's notice.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Verified Motion for Attorneys' Fees and Costs (Dkt. 104) is denied with respect to fees and granted with respect to Defendant's entitlement to costs.  The Court reserves jurisdiction on the amount of the cost award.
2. Defendant's Motion for Leave to File a Reply (Dkt. 113) is denied as moot.
3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-60.mtfees.frm