# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**G. MITCHELL DAVIS,**

    **Plaintiff,**

v.                                                                                          Case No. 8:12-cv-60-T-30MAP

**TAMPA BAY ARENA, LTD.,**
d/b/a St. Pete Times Forum,

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Notice of Costs (Dkt. 116), Plaintiff's Objection (Dkt. 119), and Defendant's Memorandum in Support of Notice of Costs (Dkt. 125). The Court, having reviewed the filings, and being otherwise advised in the premises, concludes that Defendant is entitled to costs in the amount of $16,975.53.

## BACKGROUND

On June 27, 2013, the Court granted Defendant Tampa Bay Arena, LTD.'s (the "Forum") motion for partial summary judgment to the extent that the Court concluded that Plaintiff G. Mitchell Davis' copyright claim failed as a matter of law because Davis provided the Forum with an implied license to post his photographs on the Forum's Facebook page (Dkt. 101). On August 16, 2013, the Court denied the Forum's motion for attorney's fees (Dkt. 115). With respect to the Forum's request for costs, the Court concluded that the Forum should be awarded the costs it reasonably incurred in the process of litigating Davis'

copyright claim. Because, at that time, the record was insufficient to determine these costs, the Court allowed the Forum seven days to file a notice of its costs related to the copyright claim.

On August 23, 2013, the Forum filed its notice of costs (Dkt. 116). Although the Forum originally requested costs in the amount of $13,359.00, the Forum now, inexplicably, requests costs in the amount of $64,490.26. The majority of these costs, however, are not recoverable under 28 U.S.C. § 1920. And the Court, in its discretion, declines to award any additional costs under 17 U.S.C. § 505 for the same reasons that the Court declined to award the Forum its attorney's fees under section 505. Accordingly, the Court will discuss the Forum's request for costs in the context of section 1920.

## **STANDARD FOR AWARDING COSTS**

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." The Forum prevailed in this case to the extent that the Court granted the Forum's motion for partial summary judgment with respect to Davis' copyright claim (Dkt. 101). On June 28, 2013, the Clerk of Court entered final judgment in the Forum's favor solely on Davis' copyright infringement claim (Count I of Davis' amended complaint) (Dkt. 102). Accordingly, the Forum is entitled to recover the costs enumerated under 28 U.S.C. § 1920 to the extent that they relate to Davis' copyright claim.

Under section 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded

transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

## **DISCUSSION**

The Forum requests costs in the amount of $350.00 for fees of the Clerk. The Court agrees that the Forum is entitled to reimbursement for this cost under section 1920.

The Forum requests costs in the amount of $10,995.66 for deposition transcripts. Because the Forum relied upon the depositions in its motion for summary judgment, which the Court granted with respect to Davis' copyright claim, the Court concludes they were necessarily obtained for use in the case and are recoverable under section 1920. *See Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012) ("[E]ven where a deposition is not ultimately used [at trial or in a summary judgment motion] as part of the prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no

evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.").

The Forum requests costs in the amount of $1,595.00 for witness fees as follows: witness fee for Nashira Babooram in the amount of $15.00; service of process on Ms. Babooram in the amount of $80.00; and witness fee for Plaintiff's expert witness, Baron Wolman, in the amount of $1,500.00. Plaintiff argues that the Court should grant only a portion of these amounts because these witnesses testified about all of the claims, not just the copyright claim. The Court will not reduce the costs in this fashion because the copyright claim, on which the Forum was successful, is inextricably intertwined with the other remaining claims. Thus, the Court awards the full amount of these costs.

The Forum requests costs of making copies necessarily obtained for use in the case in the amount of $2,772.67. The Court concludes that these amounts are reasonable and are recoverable under section 1920.

The Forum requests consulting and expert service costs in the amount of $42,566.75. These purported costs were not included in the Forum's original request for costs and are otherwise unrecoverable under section 1920. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir.1996) (noting that expert witness fees for non-courtappointed expert witnesses are not recoverable under section 1920). Notably, these costs are also unrecoverable under section 505.

The Forum requests courier costs in the amount of $324.85 and legal research costs in the amount of $4,623.13. The Court will not award these costs because they are predominantly incurred for the convenience of counsel.

The Forum requests travel costs in the amount of $1,262.20. These costs relate to the deposition of Plaintiff's expert. Plaintiff argues that this amount should be apportioned because Plaintiff's expert was utilized with respect to all of the claims and continues as Plaintiff's expert in the state court case. As set forth above, the Court will not apportion the costs in this fashion because Plaintiff's claims are inextricably related and it is clear that Plaintiff's expert focused a large part of his time on Plaintiff's copyright claim. Thus, the Court awards travel costs in the amount of $1,262.20.

In sum, the Court awards the Forum total costs in the amount of $16,975.53

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk of Court is directed to enter a judgment in the amount of **$16,975.53** in Defendant's favor and against Plaintiff for costs.

2. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on October 28, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-60.costaward.wpd